**E-FILED**
Friday, 12 August, 2005  04:43:58 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

|  |  |
|---|---|
| *UNITED STATES OF AMERICA*, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| *vs.* ) | |
| ) | |
| *MICHAEL MOORE*, ) | |
| ) | |
| **Defendant.** ) | Case No. |
| ) | |

## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Pursuant to 28 U.S.C. §2255, defendant, Michael Moore (hereafter "Moore"), by counsel, Steven L. Blakely of ACTON & SNYDER, LLP, Danville, Illinois, moves this court to vacate, set aside or correct the sentence imposed upon him by this court on August 11, 2004, *United States v. Moore*, Case No. 03-20060-001, and to re-sentence him. In support of this motion, Moore states the following:

(1)  On July 10, 2003, Moore was charged pursuant to a one-count Indictment with possession of five grams or more of cocaine base (crack) with intent to distribute.

(2)  On February 10, 2004, Moore pleaded guilty to this charge, and pursuant to a plea agreement, the government agreed to recommend that Moore's offense level be reduced by two or three levels, whichever was applicable, per U.S.S.G. §3E1.1, and to recommend a sentence at the low end of the applicable guideline range.

(3)  On August 12, 2004, this court sentenced Moore to imprisonment for a term of 140 months, followed by a five-year term of supervised release. Moore's Presentence Investigation

Report stated that Moore had a total offense level of 35, with 10 criminal history points for a criminal history category of V.

(4) On January 12, 2005, the United States Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), holding that the federal sentencing guidelines are advisory rather than mandatory.

(5) This court's August 12, 2004, sentencing order does not make it clear whether the same sentence would have been imposed had the court known that the federal sentencing guidelines are advisory rather than mandatory. While a prior order entered by the court indicated that a sentence would be imposed both pursuant to the federal sentencing guidelines and under a discretionary standard, this court's August 12, 2004, sentencing order does not make it clear whether this was in fact done.

(6) Where it is unclear whether the district court knew at the time of sentencing that the federal sentencing guidelines are advisory rather than mandatory, re-sentencing is appropriate where the same sentence would not be imposed. *E.g., United States Paladino*, 401 F.3d 471, 484 (7th Cir. 2005). Therefore, if this court did not know that the federal sentencing guidelines were advisory rather than mandatory at the time of Moore's sentencing, and would have given Moore a different sentence, then Moore should be re-sentenced.

(7) Further, Moore's Criminal History Category was improperly calculated under the federal sentencing guidelines. Moore was given 10 criminal history points, including one point for a conviction for Transportation or Possession of Alcoholic Liquor in a Motor Vehicle in violation of 625 ILCS 5/11-502. Moore pleaded guilty and received a $75.00 fine. Violations of §5/11-502 of the Illinois Vehicle Code are not considered crimes, but rather are in the nature of petty offenses or

infractions. Under U.S.S.G. §4A1.2(c), Moore should not have received a criminal history point for this offense, and instead should have received 9 criminal history points for a criminal history category of IV.

WHEREFORE, Moore moves this court to vacate, set aside or correct the sentence imposed upon him by this court on August 12, 2004, and to re-sentence him.

> **ACTON & SNYDER, LLP,**
> **Attorneys for Defendant,**
> **Michael Moore,**
>
> /s/ *Steven L. Blakely*
> **Steven L. Blakely**

### Certificate of Service

The undersigned certifies that a copy of the forgoing document was served upon Eugene L. Miller, Assistant United States Attorney, by mailing a copy of it addressed to him at 201 South Vine Street, Suite 226, Urbana, Illinois 61802 via First Class United States Mail, postage prepaid, on August 12, 2005.

> /s/ *Steven L. Blakely*
> **Steven L. Blakely**

Steven L. Blakely
ACTON & SNYDER, LLP
11 East North Street
Danville, Illinois 61832
Tel. (217)442-0350
Fax (217)442-0335
e-mail: slblakely4@yahoo.com