IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | | |
|---|---|---|
| MICHAEL MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CV-2177 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THE UNITED STATES OF AMERICA'S
RESPONSE TO THE PETITIONER'S
MOTION PURSUANT TO 28 U.S.C. § 2255**

NOW COMES the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and requests that this Court deny the petitioner's motion pursuant to 28 U.S.C. § 2255 since the petitioner's two claims were procedurally defaulted. Moreover, this Court should deny the petitioner's *Booker* claim since *Booker* does not apply retroactively to cases on collateral review. This Court should deny the petitioner's Sentencing Guidelines claim because such a claim is not cognizable through collateral attack. Finally, this Court should deny the petitioner's motion since both claims fail on the merits. In support of its response, the United States states as follows:

**Procedural History**

1.      On July 10, 2003, a federal grand jury charged Michael Moore, the petitioner in the instant case, by indictment with one count of drug trafficking in case

number 03-CR-20060-001 in the United States District Court for the Central District of Illinois. (R.1)[1]

2. On February 5, 2004, pursuant to a written plea agreement and with the assistance of retained counsel, the petitioner pled guilty to the sole count of the indictment, which charged the petitioner with the distribution of five grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). (R.13;docket entry 2/5/04) In the written plea agreement, the petitioner admitted that law enforcement officers found him in possession of 38.2 grams of cocaine base ("crack") that he intended to distribute. (R.13) Based on the amount of crack cocaine involved, the petitioner faced a statutory mandatory minimum sentence of five years to a maximum of 40 years imprisonment. 21 U.S.C. § 841(b)(1)(B).

3. The Presentence Report (PSR) initially calculated the petitioner's base offense level at 36, based on the petitioner being responsible for distributing 718.95 grams of cocaine base ("crack") and over a kilogram of powder cocaine. (PSR¶19) The PSR added two levels for his aggravated role in the offense (PSR ¶¶ 7,22) and subtracted three levels for acceptance of responsibility. (PSR ¶25) The petitioner had 10

---

[1] References to the documents in the record of case number 03-CR-20060-001 are to the docket number on the district court's docket sheet, e.g., "R.__"; references to docket entries in case number 03-CR-20060-001 are to "docket entry ___"; references to the Presentence Report in case number 03-CR-20060-001 are to "PSR¶__"; references to the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence in this proceeding are to "Pet.Mot.__."

criminal history points, which resulted in a criminal history category of V. (PSR ¶37) With a final offense level of 35 and a criminal history category of V, the PSR calculated the petitioner's guideline sentencing range at 262 to 327 months. (PSR ¶68) The petitioner objected to the increases in his offense level based on drug amounts and his aggravated role in the offense. (PSR Addendum I,II) He also asserted that his criminal history was overstated. (PSR¶88)

4.  Before the petitioner was sentenced, however, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), and the Seventh Circuit decided *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), which held that *Blakely* applied to the United States Sentencing Guidelines. Therefore, on July 26, 2004, the Court entered an Order that ruled that (1) as required by the Seventh Circuit's opinion in *Booker*, *Blakely* applied to the United States Sentencing Guidelines; (2) that the Guidelines were not severable, and therefore, while the Court would look to the Presentence Report ("PSR") and Guidelines for recommendations and guidance, the Court was free to exercise its discretion independent of the Guidelines within the statutory limits; and (3) the Court would also announce the sentence it would have imposed if the Guidelines were later found to be constitutional and mandatory. (R.27)

5.  Prior to the sentencing hearing, in response to the Court's Order, the United States and the petitioner negotiated and agreed (1) that the petitioner would only be held responsible for the 38.2 grams of cocaine base ("crack") that he admitted in the Plea Agreement, (resulting in a base offense level of 30 instead of 36 under USSG

3

§ 2D1.1(c)(5) of the Guidelines); (2) that the United States would not seek to hold the petitioner responsible for additional drug amounts; and (3) that the petitioner would still get credit for acceptance of responsibility.  In exchange, the petitioner agreed to withdraw his objections to a sentencing enhancement based on his role in the offense and not pursue any *Blakely* or *Booker* objections.  The petitioner was still permitted to argue that his criminal history was significantly overstated, although the United States would oppose such an argument. (R.30)  This agreement resulted in the petitioner's Sentencing Guideline range being significantly lowered from 262 to 327 months to 140 to 175 months. (R.30)

6.  At the sentencing hearing held on August 12, 2004, the petitioner waived any argument on the *Blakely* and *Booker* issues pursuant to his agreement with the United States. (docket entry 8/12/04)  The Court denied the petitioner's motion for downward departure for overstated criminal history. (docket entry 8/12/04)  Explicitly recognizing its freedom to exercise its discretion to not follow the Guidelines and impose any sentence within the statutory range, the Court sentenced the petitioner to 140 months imprisonment. (R.35,36;docket entry 8/12/04)  As noted in its Order, the Court also stated that, if the Guidelines were later determined to still apply, it would have imposed the minimum guideline sentence of 140 months imprisonment. (R.35;docket entry 8/12/04)

7.  The Court entered its written judgment on August 12, 2004. (R.36)  The petitioner did not appeal the judgment of the Court.  On August 12, 2005, the petitioner,

through new retained counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Pet.Mot.1)  In his motion, the petitioner claims that his sentence should be vacated and he should be resentenced based on (1) the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005); and (2) because his criminal history category was improperly calculated. (Pet.Mot.2-3)  The petitioner's claims are defaulted and without merit.  On August 12, 2005, this Court gave the United States until September 12, 2005 to respond to the petitioner's motion.

**The Petitioner's Claims Are Procedurally Defaulted**

8.   The petitioner's two claims are procedurally defaulted because he failed to present them for direct appellate review. *Bousley v. United States*, 523 U.S. 614, 621 (1998).  Section 2555 is not a substitute for direct appeal and claims that were not raised on direct appeal are deemed waived. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *see also United States v. Lane,* 267 F.3d 715, 721 (7th Cir. 2001); *McCleese v. United States,* 75 F.3d 1174, 1177 (7th Cir. 1996).  The petitioner failed to raise either of these claims on direct appeal, and thus, those claims are procedurally defaulted.  It is not surprising that the petitioner did not raise these issues on appeal given that he failed to raise either issue in the district court, and in fact, expressly waived all *Blakely* and *Booker* claims at his sentencing hearing pursuant to an agreement with the United States. (docket entry 8/12/05)

5

9.  A defaulted constitutional claim[2] cannot be heard on collateral review unless the petitioner shows both cause for failure to raise the claim and actual prejudice resulting from the error he alleges. *United States v. Frady*, 456 U.S. 152, 170 (1982); *Lane*, 267 F.3d at 721-22. As to cause, the petitioner must show "some objective factor external to the defense" impeded his efforts to raise the issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). The petitioner has made no such showing. Moreover, the petitioner must also show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170. Again, the petitioner has made no such showing.

### *Booker* Does Not Apply to Cases on Collateral Review

10.  Even if not procedurally defaulted, the petitioner's argument based on the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005) fails because *Booker* does not apply retroactively to cases on collateral review. *McReynolds v. United States*, 397 F.3d 479 (2005). In *McReynolds*, the Seventh Circuit unequivocally held that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *Id.* at 481. Moreover, because of its far-reaching effect, the opinion in *McReynolds* was circulated to all active judges on the Seventh Circuit, and not one judge favored a rehearing *en banc. Id.* Since he did not appeal his sentence and

---

[2] Any non-constitutional claims, such as the petitioner's Sentencing Guidelines criminal history claim, that were not raised on direct appeal are waived even without taking cause and prejudice into account. *Barnickel*, 113 F.3d at 706.

conviction, the petitioner's judgment became final on August 12, 2004, well before *Booker* was decided. *Booker* does not apply retroactively to the petitioner's case.

**The Petitioner's Sentencing Guideline Claim Is Not Cognizable on Collateral Review**

11. Likewise, even if not procedurally defaulted, the petitioner's Guidelines argument fails because Section 2255 only applies to errors that involve a "fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel*, 113 F.3d at 705-06 (quoting *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992)). Under this rigorous standard, routine claims of error under the Sentencing Guidelines, including the petitioner's claim that he improperly received a criminal history point under the Guidelines, are not cognizable under Section 2255. *Scott v. United States*, 997 F.2d 340, 342-43 (7th Cir. 2993); *see also Taylor v. Gilkey*, 314 F.3d 832, 833 (7th Cir. 2002); *Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1998). This is especially true here, where the Court's Guidelines ruling could not have "resulted in a complete miscarriage of justice" since the Court found it was not bound by the Guidelines and imposed a discretionary sentence independent of the Guidelines.

**The Petitioner's Claims Fail on the Merits**

    **A.**    ***Booker* Does Not Require Resentencing Because The Court Imposed A Discretionary Sentence**

12. Even if the petitioner's *Booker* claim was not procedurally defaulted, and somehow could be applied retroactively, it is completely without merit. The petitioner misapplies *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005). In *Paladino*, the

Seventh Circuit held that error might exist where a district judge imposed a sentence thinking himself bound by the Sentencing Guidelines. *Id.* at 483-84. In this case, the Court did *not* believe that it was bound by the Sentencing Guidelines – to the contrary, it imposed a discretionary sentence within the statute, after following the Seventh Circuit's opinion in *Booker* that held that *Blakely* applied to the Sentencing Guidelines. Thus, there was no *Booker* error in this case.

13.  In his motion, the petitioner claims that this Court's August 12, 2004, sentencing order does not make it clear whether the same sentence would have been imposed had the Court known the Guidelines were not mandatory. (Pet.Mot.2) The Court's Order of August 12, 2004, contradicts the petitioner's assertions. (R.35) That Order stated that the Court would "look to the PSR and the Guidelines for recommendations and guidance, but would impose a sentence within the statutory limits," (later referred to as a "discretionary sentence"). (R.35) The Court then imposed a discretionary sentence of 140 months, and alternatively noted that, should the Guidelines ultimately be found to be constitutional, it would also impose a 140 month sentence under the Guidelines. (R.35) It is clear that the Court did not believe itself bound by the Guidelines when it chose to impose a sentence of 140 months, and in fact, had ruled that the Guidelines could not be severed, and thus, were unconstitutional. Thus, the Court's sentence in no way violated *Booker*.[3]

---

[3] Given that the Supreme Court had not yet decided *Booker*, the Court was prescient in its decision to adopt a procedure consistent with *Booker*, *i.e.*, to consider the Guidelines, while at the same time to not be bound by the Guidelines.

8

B.  **The Petitioner Properly Received a Criminal History Point for Illegal Transportation of Alcohol**

14. Similarly, even if the petitioner's Guidelines complaint was not procedurally defaulted, and was somehow cognizable on collateral review, it still fails on the merits. The Seventh Circuit has held that a conviction for the offense of Illegal Transportation of Alcohol in a Motor Vehicle under Illinois law is countable under the Sentencing Guidelines. *See United States v. Binford*, 108 F.3d 723, 726 (7th Cir. 1997) (rejecting argument that Illinois conviction for Illegal Transportation of Alcohol was similar to offenses listed at USSG § 4A1.2(c)(1) as "dubious" and affirming district court's assignment of points). The petitioner's argument that one point should not have been assigned ignores *Binford* and fails to cite any authority whatsoever in support of his argument. The petitioner's claim is not well-grounded in law.

C.  **The Petitioner Would Face a Much Higher Sentence Upon Resentencing**

15. The relief requested by the petitioner in his motion is resentencing. (Pet.Mot.3) Frankly, the petitioner is fortunate that his motion is without merit and resentencing not appropriate. During his previous criminal case, the petitioner's previous retained counsel successfully used the uncertainty following the Supreme Court's decision in *Blakely* and the Seventh Circuit's decision in *Booker* to negotiate a reduction in the petitioner's Guideline Sentencing range from 262 to 327 months down to 140 to 175 months. Since then, both the Supreme Court and the Seventh Circuit have made it clear that the Guidelines may continue to be applied in an advisory fashion,

including determinations by judges of relevant conduct by a preponderance of the evidence, and that a sentence within the Guidelines is presumptively reasonable. *See, e.g., Booker*, 125 S.Ct. 738; *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005). Thus, upon resentencing, the defendant might face (and the United States would seek) a sentence of 262 months, which is more than 10 years greater than the sentence currently imposed upon the petitioner. *See United States v. Goldberg*, 406 F.3d 891, 894 (7th Cir. 2005) (pointing out that defendant may be better off without requested relief of resentencing, which could result in a higher sentence post-*Booker*).

WHEREFORE the United States of America respectfully requests that this Court deny the petitioner's motion pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY


s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
eugene.miller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Mr. Steven L. Blakely
>Acton & Snyder, L.L.P.
>11 East North Street
>Danville, Illinois 61832

>s/ Eugene L. Miller
>Eugene L. Miller, Bar No. IL 6209521
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>eugene.miller@usdoj.gov