UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **MICHAEL MOORE,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | Case No. 05-CV-2177 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION**

On August 12, 2005, Petitioner, Michael Moore, filed a Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255. Petitioner also filed a Memorandum of Law in Support (#2). Petitioner argued that he should be resentenced based upon the decision by the United States Supreme Court in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Petitioner also contended that his criminal history was improperly calculated under the sentencing guidelines.

On August 22, 2005, the Government filed its Response (#3). The Government argued that Petitioner's Motion should be denied because: (1) Petitioner's two claims are procedurally defaulted because Petitioner failed to present them for direct appellate review; (2) <u>Booker</u> does not apply to cases on collateral review; (3) Petitioner's sentencing guideline claim is not cognizable on collateral review; and (4) Petitioner's claims fail on the merits. The Government also pointed out that Petitioner would actually face a much higher sentence if he was, in fact, resentenced.

This court has carefully reviewed the record in this case and agrees with all of the well-supported arguments made by the Government.

This court first agrees that Petitioner's claims were procedurally defaulted because they were not raised on direct appeal. It is well settled that § 2255 is not a substitute for direct appeal and claims

that were not raised on direct appeal are waived. See Bousley v. United States, 523 U.S. 614, 621 (1998); Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised pursuant to § 2255 only if the petitioner shows both cause for failure to raise the claim and actual prejudice resulting from the error he alleges. See United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Lane, 267 F.3d 715, 721-22 (7th Cir. 2001). This court agrees with the Government that Petitioner has not made either necessary showing.

This court also agrees with the Government that, in any case, neither of Petitioner's claims can be raised on collateral review. First, the Seventh Circuit has held that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). In this case, Petitioner was sentenced on August 12, 2004, and did not file a direct appeal. Therefore, his case became final well before Booker was decided and, accordingly, Booker has no application to his case. See McReynolds, 397 F.3d at 481. Secondly, Petitioner's claim that the guidelines were improperly calculated in his case is a non-constitutional claim not cognizable under § 2255. See Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993).

Moreover, this court agrees with the Government that Petitioner's claims have no merit and that, if Petitioner were resentenced, he could face a much greater sentence than the 140 month sentence imposed on August 12, 2004.

IT IS THEREFORE ORDERED THAT:

(1) For the reasons stated, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is DENIED.

(2) This case is terminated.

ENTERED this 14th day of February, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE